## PROVIDENCE COUNTY.

FRANCIS M. ANDREWS & GEORGE M. ANDREWS, Copartners, *vs.* GEORGE F. BEANE.

Pub. Laws R. I. cap. 582, of April 30, 1886, provided in § 1, that appeal bonds should be sufficient in appeals from a justice court if signed by the appellant, or some person in his behalf or his attorney of record, and provided in § 2 as follows : —

"All appeals from the judgment of any justice court which have heretofore been signed by the attorney or agent of any party appellant for said appellant, are hereby validated."

*Held,* that the word "appeals" in § 2 must be construed to mean "appeal bonds."

*Query :* Whether such bonds so to be validated are bonds signed by the agent or attorney in his own name for the appellant, or bonds signed in the name of the appellant by an agent or attorney ; if the latter, —

*Held,* when an appeal bond had been executed in the name of an appellant by his attorney of record, without authority under seal from the appellant, that the bond was void as an appeal bond ;

*Held,* further, that § 2 above given, in attempting to validate such a bond without the consent of the obligor, was unconstitutional and void.

EXCEPTIONS to the Court of Common Pleas.

*February 5,* 1887.   DURFEE, C. J.   This action was begun in the Justice Court of the city of Providence, where the defendant recovered judgment for his costs, March 4, 1886.   On the last of the five days allowed for an appeal, to wit, on March 9, 1886, the plaintiffs, for the purpose of taking an appeal to the next June Term of the Court of Common Pleas, paid the defendant's costs and filed a paper, purporting to be an appeal bond, executed in their names by their attorney of record, subscribing as their attorney without any authority under seal to do so.   The appeal was entered May 15, 1886, and, the case coming on for trial on the twentieth day of said June Term, the defendant moved to dismiss it for want of a valid appeal bond.   The court denied the motion and the defendant excepted.

In *Murray* v. *Peckam,* decided March 30, 1886, *ante,* p. 297 this court held that an appeal bond so executed was void, and sustained a dismissal of the action.   On April 30, 1886, the General Assembly passed an act, Pub. Laws R. I. cap. 582, the first section of which makes an appeal bond signed by the appellant, " or

some person in his behalf, or his attorney of record," sufficient for the purposes of appeal, and the second section of which provided that " all appeals from the judgment of any justice court which have been heretofore signed by the attorney or agent of any party appellant for said appellant are hereby validated." It was by reason of this latter section that the motion to dismiss was denied.

The meaning of the section is not entirely clear. Appeals are never signed but only the bonds given in case of appeal as part of the procedure. We must assume that it is the appeal bonds, executed as described, which are intended to be validated. But, again, is an appeal bond signed in the name of the appellant by his attorney or agent intended to be validated, or only an appeal bond signed by the agent or attorney in his own name for or in behalf of the appellant? The first section evidently contemplates that whoever signs the bond shall sign it in his own name. If the second section also contemplates that whoever signs shall sign his own name, then it does not validate the bond here by its terms. But, construing the section broadly and holding that the bond here is within its terms, is the section effectual to validate the bond, or is it as applied to such a bond unconstitutional, as the defendant contends?

It will be observed that the section, if it applies, validates the bonds absolutely, without regard to whether the persons whose names are signed consent to the validation or not. The bond here was a nullity when given: can it become the obligation of the plaintiffs, independently of their sanction, by force of such a mere legislative fiat? There are cases which hold that the legislature has power to validate invalid deeds or contracts where they are invalid only because, by some inadvertence or misapprehension, they have been defectively executed by the persons who would be bound if they had been duly executed. But the ground of decision in these cases is that the deeds or contracts become by validation what they were originally intended to be by the persons defectively executing them. The section in question, if it applies, goes far beyond this limit. It undertakes to bind parties by contracts which they have never entered into in person or by attorney, whether they consent or not. Suppose the plaintiffs had never

entered the appeal, or after entering had discontinued before trial, and to an action against them on the bond by the defendant were to plead *non est factum*, could the defendant, joining issue with them on the plea, prove that the bond was their deed by simply proving the attorney's signature and reading the section in question? We think not. To hold that he could, would be to hold that it is competent for the legislature to impose upon a person a contract which he has neither entered into nor adopted, nor intended to enter into or adopt, either personally or by attorney, and all the cases concede that this is something which the legislature cannot do. Cooley's Constit. Limit. *370–*383. *Medford* v. *Learned*, 16 Mass. 215.

The section is not, as is contended for the plaintiffs, simply an exercise of the power which the authorities cited for the plaintiffs show the legislature has within certain limits to cure irregularities and defects in judicial proceedings; but, even regarding the matter in that light, it is questionable if the section does not transgress the permissible limits, since, if the appeal was fatally defective for want of a proper bond when taken, it is difficult to see why a confirmation of the bond, after the time for taking has expired, does not amount to an extension of the time after its expiration, which, according to the authorities, the legislature has no power to grant as against the appellee. *Staniford* v. *Barry*, 1 Aiken, Vt. 314, 316; *Bradford* v. *Brooks*, 2 Aiken, Vt. 284; *Hill* v. *Sunderland*, 3 Vt. 507; *Burch* v. *Newbury*, 10 N. Y. 374; *Yeatman* v. *Day*, 79 Ky. 186; Cooley on Constit. Limit. *96, note; Sedgwick on Statut. & Constit. Law, 2d ed. 145, note.

*Exceptions sustained and appeal dismissed without costs.*

*George T. Brown*, for plaintiff.

*Marquis D. L. Mowry*, for defendant.