### Ed. McKennon v. The State.

#### No. 2279. Decided December 19, 1900.

**1. Constitutional Law—Retroactive Law—Exception.**

Section 16 of the Bil of Rights declares that "no retroactive law shall be made." The well recognized exception to this provision is in those cases where the retroactive law affects a remedy only and does not interfere with vested rights.

**2. Same—Notice of Appeal in Justice Court.**

The Act of May 23, 1899 (Twenty-sixth Legislature), was intended to do away with notice of appeal in justice courts, and, by express terms, gives the law a retroactive effect. It does not interfere with a vested right, but simply enlarges the remedy; that is, the right of appeal.

**3. Same—Case Stated—Jurisdiction.**

An appeal bond was filed to appeal the case from the justice to the county court. In the latter court the appeal was dismissed because no notice of appeal had been filed in the justic court; from which judgment of dismissal appeal was taken to this court. Meantime, pending the latter appeal, the Act of the Twenty-sixth Legislature was passed providing that no appeal should be dismissed for failure to give notice of appeal in the trial court, and the provisions of this act were made specially to apply to all cases now pending in the county courts and Court of Criminal Appeals. Held, that though the case was properly dismissed in the county court, under the law as it then existed, still, the Act of the Twenty-sixth Legislature doing away with the necessity of notice of appeal, having become the law, this court has jurisdiction and will reverse the judgment in order that the county court may exercise its jurisdiction to try the case acquired under the new law. Davidson, P. J., dissents.

APPEAL from the County Court of Ellis. Tried below before Hon. J. C. Smith, County Judge.

Appeal from a judgment of dismissal, in the county court, of an appeal from a justice court, because no notice of appeal had been given and entered in said justice court.

No further statement required.

*W. H. Fears,* for appellant

*D. W. Wilcox* and *Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is an appeal from the county court to this court of a case appealed from the Justice Court of Ellis County to the county court. The case was dismissed in the county court on the ground that no notice of appeal appeared to have been given in the justice court, and an appeal was prosecuted from the order of dismissal.

It is insisted by appellant that this court should reverse the case because of the enabling act of the Twenty-sixth Legislature. See Acts 26th Leg., p. 233. We quote so much of said act as we think necessary to a proper understanding of this case, as follows:

"Section 1. That in appeals from judgments of the justices of the peace and other inferior courts, when the appeal bond provided for in article 889 of the Code of Criminal Procedure of the State of Texas has been filed with the justice or court trying the same, the appeal in such case shall be held to be perfected, and no appeal shall be dismissed on account of the failure of the defendant to give notice of appeal in open court; nor on account of any defect in the transcript.

"Sec. 2. All laws and parts of laws in conflict with the provisions of this act are hereby repealed.

"Sec. 3. The provisions of this act shall apply to all cases now pending in county courts and the Court of Criminal Appeals."

To properly understand this question, it should be stated that appellant was tried and convicted in the justice court on the 18th of July, 1898, and appeal bond was filed on the same day, no notice of appeal being given and entered on the justice docket. On October 5, 1898, upon motion of the State, the case was dismissed in the county court on the ground that no notice of the appeal had been given in the justice court. An appeal was thence prosecuted to this court, and the transcript filed at the Dallas term, March 22, 1899. The Act of the Twenty-sixth Legislature, above quoted, was passed on May 23, 1899, and went into effect ninety days thereafter. So we have presented for our consideration whether or not it was competent for the Legislature to pass an act dispensing with a notice of appeal in the justice court, and to make that act relate to cases tried in the lower courts before the passage of the act. It will be noticed in this connection that before the passage of the act in question notice of appeal in the · justice court was jurisdictional, and, unless this was complied with by appellant, his appeal would be dismissed. Ball v. State, 31 Texas Crim. Rep., 214; McDougall v. State, 32 Texas Crim. Rep., 174. Evidently the Twenty-sixth Legislature, by the act in question, intended to dispense with notice of appeal in the justice court, and intended that this should apply as well to all cases pending on appeal from the justice court, though transpiring before the law took effect, as to those happening afterwards. The language of section 3 by its express terms gives the law a retroactive effect. Now, was it competent for the Legislature to do this, in the face of section 16 of the Bill of Rights, which, among other things, provides, "No ex post facto or retroactive law shall be made?" An examination of the cases on

this subject shows that it is within the power of the Legislature to pass retroactive laws which affect the remedy, provided such laws do not interfere with some vested right. On this subject we quote from Cooley, Constitutional Limitations, page 457, as follows: "If the thing wanting or which failed to be done, and which constitutes the defect in the proceeding, is something the necessity for which the Legislature might have dispensed with by prior statute, then it is not beyond the power of the Legislature to dispense with it by subsequent statute; and, if the regulation consists in doing some act, or in the mode and manner of doing some act, which the Legislature might have made immaterial by prior law, it is equally competent to make same immaterial by a subsequent law." And again (page 469): "The bringing of suit vests in the party no right to a particular decision, because cases must be determined on the law as it stands; not when the suit was brought, but when the judgment was rendered. * * * And, if a case is appealed, and pending the appeal the law is changed, the appellate court must dispose of the case under the law in force when its decision is rendered." The cases which hold the contrary of this doctrine on an examination will be found to have held the act unconstitutional on the ground that the effect was to deprive one of the parties of some vested right. As in Wright v. Graham, 42 Ark., 140; McDaniel v. Correll, 19 Ill., 226; Pryor v. Downey, 50 Cal., 388; Andrews v. Beane, 15 R. I., 451, 8 Atl. Rep., 540. The latter was a case which involved the validity of an appeal bond. The bond, when taken, it appears, was void, and an enabling statute attempted to give it validity by retroactive effect. The court held that this could not be done. This, however, was a suit between parties, and the point in question involved a vested private right; and we do not believe has any application to the question here. Mr. Kent (volume 1, page 456) says: "A retrospective statute affecting and changing vested rights is very generally considered in this country as founded on unconstitutional principles, and consequently inoperative and void. But this does not apply to a remedial statute, which may be of a retrospective nature." Tested by this rule we are clearly of the opinion that the Legislature was authorized to pass the statute in question, and make it retroactive; and this would apply notwithstanding the case was disposed of in the county court under existing law, which required the notice to be given, inasmuch as the case was still pending in this court, for such is the express provision of the statute in question. State v. Lambert, 12 Md., 195. We quote from Chief Justice Marshall in United States v. The Peggy, 1 Cranch, 110, 2 Lawyers' Edition, 51 (which is also quoted in the Maryland case, supra), as follows: "It is, in the general, true that the province of an appellate court is only to inquire whether a judgment, when rendered, was erroneous or not; but if, subsequent to the judgment, and before the decision of the appellate court, a law intervenes, and positively changes the rule which governs, the law must be obeyed, or its obligation denied. If the law be constitutional (and of that no doubt in the present case

has been expressed), I know of no court which can contest its obli-
gation. It is true that in mere private cases between individuals a
court will and ought to struggle hard against a construction which will,
by a retrospective operation, affect the rights of parties; but in great
national concerns, where individual rights acquired by war are sacri-
ficed for national purposes, the contract making the sacrifice ought
always to receive a construction conforming to its manifest import;
and, if the nation has given up the vested rights of its citizens, it is
not for the court, but for the government, to consider whether it be
a case proper for compensation. In such case the court must decide
according to existing laws; and if it be necessary to set aside a judg-
ment rightful when rendered, but which can not be affirmed but in
violation of law, the judgment must be set aside." And in this case
we say no vested right is involved. The government, through its Leg-
islature, has seen fit to enlarge the remedy—that is, the right of ap-
peal; and, notwithstanding when the case was decided in the county
court it was properly decided in accordance with the rule then in force,
yet we now have a new rule, which applies to this court and to that
case, over which we now have jurisdiction; and, it having been pro-
vided that notice of appeal in justice court is not necessary to invest
the county court with jurisdiction, and that this shall apply to cases
pending in this court, it is our opinion that the county court now has
jurisdiction of the case, and the judgment of the lower court is reversed
and the cause remanded.

*Reversed and remanded.*

DAVIDSON, Presiding Judge, dissents.