JAMES LEON MILLS V. STATE

No. 31, 863. April 27, 1960

Clyde Gordon, Houston, for appellant.

Dan Walton, District Attorney, Carl E. F. Dally, Erwin G. Ernst, Assistants District Attorney, Houston, and Leon Douglas, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for assault with intent to murder, the punishment, 10 years.

Mamie Wells, the prosecuting witness, testified that on the night in question she got off from her work as an elevator operator around 10 P.M.; that while she was at a telephone booth attempting to call a friend, the appellant, whom she did not know and had never seen before, drove up in an automobile and blew the horn; that she went to the automobile, thinking that she knew him; and after a conversation with appellant in which he told her he would take her to her girl friend's home, she got in the automobile and the two drove away; that after they had gone by the friend's home and were driving on the street, appellant stopped the automobile, produced a gun, demanded that she take off her panties, and then had sexual intercourse with her; that appellant then drove to another location, where he raped her a second time, after which he promised to take her home, but took her instead to a house where he again had intercourse with her at the point of the gun; that appellant then drove to a dead-end street, where they got out of the car, walked to a vacant lot where at appellant's command, she laid down on the ground. The prosecuting witness testified that while she was lying on the ground the appellant put his hands around her neck and said "I'm sorry but I have got to do this," and the next thing she remembered was when she woke up in the hospital some four days later.

It was shown that Officer Ben F. Norman, in response to a call, went to the vacant lot in the early morning hours and found the prosecuting witness lying on the ground in a semi-conscious condition with the back of her head bleeding and her right eye closed. Officer Norman testified that he found a concrete block weighing between 20 and 30 pounds some fifty feet from where the prosecuting witness was lying which was bloody and that there was a trail of blood on the ground from the block to where the prosecuting witness was lying.

It was further shown that the prosecuting witness was immediately taken to Jefferson Davis Hospital where she was treated for a severe scalp laceration and concussion of the brain. The medical records of the hospital, which were introduced in evidence, showed that the prosecuting witness remained in the hospital for some twenty-six days during which time an operation was performed upon the head wound. Dr. Albert L.

Shirkey, testifying from his memory and the hospital records, described in detail the injuries and treatment of the prosecuting witness and stated that in his opinion the injury to the prosecuting witness could have been produced by being struck with the concrete block found at the scene and would be a means calculated to cause her death.

Appellant's written statement made to a deputy sheriff after his arrest was introducted to evidence, a portion being introduced by the state and the remaining portion by appellant. In the statement appellant admitted being with the prosecuting witness on the night in question and going to the vacant lot with her. Appellant stated that at such time he was mad at the prosecuting witness because she had previously taken some money from him, that he slapped her in the face, threw her down, hit her on the back of the head with a rock "the kind that goes under the corner of a house but had been broke up" and that he "went out" of his head and did not know how many times he hit her.

Testifying as a witness in his own behalf appellant admitted striking the prosecuting witness with the concrete block and stated that at such time he was mad, did not remember what happened and did not intend to kill her. Appellant further testified that before striking the prosecuting witness he observed that she had her hand in a plastic bag and thought she was trying to get a knife out of the bag.

The court submited the issue of appellant's guilt to the jury upon a charge on assault with intent to murder, both with and without malice, aggravated assault and self defense.

We find the evidence sufficient to support the jury's verdict.

Appellant insists that court erred in admitting the hospital records pertaining to the treatment and care of the prosecuting witness in evidence over his objection and in permitting Dr. Shirkey to read from the records introduced. The records were identified by the custodian as the official records of the hospital and were admissible in evidence under the provisions of Art. 3737e, V.A.R.C.S. McCarty v. State, 167 Tex. Cr. R. 164, 319 S. W. 2d 338. Being properly admitted in evidence, the court did not err in permitting the doctor to read from the same.

In his brief appellant contends that the court committed reversible error in communicating with the jury after they had

retired to deliberate in violation of Articles 676-678, V.A.C.C.P. Appellant refers to bill of exception No. 2 as presenting his contention. We find no such bill of exception in the record and are therefore unable to pass upon the contention.

The judgment is affirmed.

Opinion approved by the Court.