**Joe Melton BEAVER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38802.**

Court of Criminal Appeals of Texas.

Jan. 26, 1966.

Rehearing Denied March 16, 1966.

Second Motion for Rehearing Denied April 27, 1966.

R. R. (Bob) Hendricks, McKinney, Robert C. Benavides (On Appeal Only), Dallas, for appellant.

Bill Boyd, County Atty., Ronald W. Chapman, Asst. County Atty., McKinney, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is the unlawful sale of beer in a dry area; the punishment, a fine of $450.

The state moves that the appeal be dismissed for want of jurisdiction because notice of appeal was not given during the June 1965 term of court at which the conviction became final, as required by Art. 827 Vernon's Ann.C.C.P.

Trial was had and judgment rendered on June 24, 1965. Motion for new trial was filed the same day.

On July 2, 1965, appellant's first amended motion for new trial was filed. No further action having been taken, appellant's first amended motion for new trial was

overruled by operation of law 20 days after the amended motion was filed. Art. 755 V.A.C.C.P.

The June term of court expired on July 30, 1965, without any notice of appeal having been given.

The only notice of appeal shown by the record is that given on August 2, 1965, on which day an order was entered reciting that the defendant's motion for new trial was overruled.

The contention that this court is without jurisdiction to entertain the appeal is supported by Morgan v. State, 378 S.W.2d 321, and Alter v. State, 171 Tex.Cr.R. 14, 344 S.W.2d 455, cited by the state.

Appellant cites Atkinson v. State, 154 Tex.Cr.R. 421, 299 S.W.2d 951. The Atkinson case is distinguished by the fact that there the amended motion for new trial overruled by the court was filed with leave of the court on the day it was overruled, whereas in the cases above cited, and in the case before us, the motion for new trial which the court attempted to overrule was filed more than 20 days prior to the adjournment of the previous term of court.

Appellant further contends that this appeal must be decided under the Code of Criminal Procedure which became effective on January 1, 1966, rather than the Code as it existed at the time the judgment was rendered and the time that he sought to invoke the jurisdiction of the Court of Criminal Appeals by giving notice of appeal on August 2, 1965, after the June term of court had adjourned. We do not agree.

■ As to such a judgment, the statute which became effective thereafter did not confer jurisdiction upon the Court of Criminal Appeals which it did not have at the time the judgment was rendered and became final in the trial court.

The state's motion is granted and the appeal is dismissed.

## ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

■ Appellant contends in his motion for rehearing that the opinion of the Court on original submission was in error in holding that the law by which his appeal is controlled is that in effect at the date the judgment was rendered and became final in the trial court. He cites the case of McKennon v. State, 42 Tex.Cr.R. 371, 60 S.W. 41, in support of his contention. That case involved the giving of retroactive effect to a statute which by its very terms applied "to all cases now pending in county courts and the courts of criminal appeals." This Court there gave literal effect to the statute in a case which was then pending in this Court on appeal, thereby giving the appellant the benefit of the change in the law pending appeal. No such situation exists in the instant case.

Article 1.02, Vernon's Ann.C.C.P. of 1965 reads as follows: "This Code shall take effect and be in force on and after January 1, 1966. The procedure herein prescribed shall govern all criminal proceedings instituted after the effective date of this Act and all proceedings pending upon the effective date hereof *insofar as are applicable.*"

Appellant urges that this Article requires that the provisions of the Code of Criminal Procedure of 1965 be applied to the manner by which he gave notice of appeal. We do not so construe the Article and adhere to our view that the applicable rule by which the appeal of this case is to be governed is that which was in effect both at the time the judgment was rendered and at the time appellant attempted to give notice of appeal. See Holdman v. State, Lugo v. State, Tex. Cr.App., 398 S.W.2d 769.

Article 44.08, V.A.C.C.P. of 1965 states that notice of appeal "shall be given and filed within ten days after sentence is pronounced."

The record in the instant case contains no sentence, such not being provided for in misdemeanors until the effective date of the new code. See Article 42.02, V.A.C.C.P.

Remaining convinced that we correctly decided the case originally, the appellant's motion for rehearing is overruled.