Frank Leslie BAKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 40022.

Court of Criminal Appeals of Texas.

Oct. 22, 1969.

Rehearing Denied Dec. 10, 1969.

Donald D. Koons, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Camille Elliott, James P. Finstrom, Scott Bradley and Robert H. Stinson, Jr., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

Frank Leslie Baker was convicted of the offense of murder and his punishment was assessed at life. His conviction was affirmed by this court by opinion delivered January 18, 1967, nothing being presented for review. Baker v. State, Tex.Cr.App., 411 S.W.2d 723.

On August 20, 1968, a petition for writ of habeas corpus was filed in the district court where the conviction was had; alleging that Baker had been denied assistance of counsel in conducting his appeal, and on February 17, 1969, the Judge of Criminal District Court No. 5 of Dallas County found the facts alleged to be true and that the petitioner Baker was entitled to a belated appeal.

The transcript and order in the habeas corpus proceeding having been transmitted to this court, the following order was entered on June 5, 1969:

"The trial court having determined that the petitioner Baker is entitled to an out of time appeal in proceedings under Art. 11.07, V.A.C.C.P. and Ex Parte Young, [Tex.Cr.App.] 418 S.W.2d 824; Ex Parte Castanuela, [Tex.Cr.App.] 435 S.W.2d 145; Castanuela v. State, [Tex.Cr.App.] 435 S.W.2d 146, action on petitioner's application for writ of habeas corpus will therefore be suspended by this Court in order to allow the trial court time in which to permit the petitioner time to file an appellate brief in accordance with the provisions of Art. 40.09, Sec. 9, V.A.C.C.P. since notice of appeal was given after the effective date of the 1965 Code of Criminal Procedure. The procedure by which an appeal is governed is determined by the procedure in effect at the time notice of appeal is given. Ross v. State, [Tex.Cr.App.] 403 S.W.2d 138; Rivera v. State, [Tex.Cr.App.] 403 S.W.2d 130; Jones v. State, [Tex.Cr.App.] 406 S.W.2d 451; Carter v. State, [Tex.Cr.App.] 408 S.W.2d 507.

"It is so ordered. Onion, Judge."

Counsel was appointed by the trial court to prepare brief on appellant's behalf and conduct the appeal. The record approved by the trial judge together with the briefs filed in the trial court were transmitted to this court. The out of time appeal from the conviction having been submitted on brief and oral argument the appeal will be considered as timely filed. Any further relief under the habeas corpus petition is denied.

The indictment alleged that appellant did voluntarily and with malice aforethought kill Mattie Cash Usry by striking and beating her with his hands and fists.

Appellant's brief filed in the trial court challenges the sufficiency of the evidence to sustain the conviction.

The court charged on circumstantial evidence. The sole ground of error urges that the facts presented in evidence are not suf-

ficiently strong to exclude every reasonable hypothesis except guilt.

Appellant's brief concedes that viewing the evidence from the standpoint most favorable to the jury's verdict, the proof is that the deceased was beaten to death; that appellant was present so as to have had the opportunity to commit the crime; and that the condition of appellant's hands was consistent with the theory that he could have been the one who inflicted the fatal beating. It is contended, however, that "although many witnesses testified, and the evidence is clear that the crime was committed, little of the testimony in any way connects appellant with the offense."

Appellant and the deceased, Mattie Cash Usry, had been living together for 3 years. On the evening of December 2, 1965, appellant and the deceased were together in an East Dallas lounge known as the "Elbow Room". Appellant had been drinking heavily since late that afternoon. During the course of the evening he got into a heated argument with another customer and cursed the deceased on two occasions. Upon leaving the "Elbow Room", it was suggested to appellant that he let the deceased drive him home. Appellant rejected this suggestion, and while backing his car, ran into a telephone pole.

Appellant and the deceased arrived at their apartment at 11:15 P.M. He was seen leaving the apartment around 11:50 P.M. and again around 12:40 A.M.

During the time between 11:15 P.M. and 1:00 A.M., the occupant of the apartment directly above appellant's was awakened by loud voices which he described as being those of a man and woman. He looked at his clock and it showed the time to be 12:40 A.M. A short time later he heard the sound of water running in the bathtub of one of the apartments nearby.

At 1:00 A.M. appellant rang the doorbell of another tenant and asked him to call the police and an ambulance. At that time appellant was wearing a pair of light colored trousers and no shirt.

The police arrived at the apartment between 1:30 and 2:00 A.M., and found the defendant kneeling beside the bed holding the naked body of Mattie Cash Usry in his arms. The appellant did not appear to be in a state of shock, and his hands were red and swollen with cuts and abrasions. The apartment, including the bathroom, was covered with blood. The combination bathtub-shower had a mixture of blood and water on the walls and shower curtain, indicating that someone had made an attempt to cleanse himself. There was no evidence that the apartment had been broken into, nor that the deceased had been robbed or sexually molested.

The cause of death of Mattie Cash Usry was mulitple injuries as a result of being severely beaten about the face and body, said injuries being such as could have been inflicted by a male person by striking her with sufficient force with his hands and fists.

The evidence further reflects that both appellant and the deceased were under the influence of intoxicating liquor at the time.

Appellant testified that he left the apartment around 11:00 P.M. in search of some liquor and did not return for two hours. The state's brief points out that appellant admitted that he knew the liquor stores were closed and he could not explain where he hoped to purchase any liquor, and that whiskey was found in the apartment.

Also, the state's brief points out that the testimony offered by appellant that he had received *a* cut and *a* scrape on his hands earlier in the day was not sufficient to account for the multiple bruises and scrapes on his hands at the time the police arrived.

■ Every circumstantial evidence case must necessarily be tested by its own facts to determine sufficiency. Villareal v. State, 140 Tex.Cr.R. 675, 146 S.W.2d 406.

Viewing the evidence in the light most favorable to the jury's verdict, we find it sufficient to sustain the conviction.

The sentence found in the record before us fails to give effect to the indeterminate sentence law (Art. 42.09 V.A. C.C.P.). It is reformed so as to order appellant confined in the Texas Department of Corrections for not less than two years nor more than life.

As reformed, the judgment is affirmed.

DOUGLAS, J., not participating.