**James FLEMONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42607.**

Court of Criminal Appeals of Texas.

Feb. 25, 1970.

Rehearing Denied April 8, 1970.

------◆------

Marion, G. Holt, Nacodgoches, for appellant.

David D. Adams, Dist. Atty., Nacogdoches, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is assault with intent to murder without malice; the punishment, three years.

The appellant contends that the trial court erred in permitting the introduction in evidence of entries made in the complaining witness's hospital record by the complaining witness's physician and of the "Bedside Notes" entries made by the nurse attending the complaining witness.

At the time the hospital records were offered for admission in evidence, the appellant objected to the admission of the entire hospital record of Joe Hall, the complaining witness, on the ground that the record was hearsay to the defendant, and that the admission in evidence of the record would be prejudicial to the appellant without the defendant having the right to cross-examine Dr. Tucker and the nurse in regard to the entries they made.

In his brief, the appellant complains, as being hearsay, of the parts of the hospital record that shows Hall to be a diabetic and totally blind, the part of which noted that Hall was beaten by a creosote pole, and of the parts of the "Bedside Notes" which are an account of Hall's pain and suffering. In his objection to the admission of the record, the appellant only objected to the record as a whole, the sheets signed by Dr. Tucker and the "Bedside Notes." The appellant did not object to the specific portions of the records that he contends are hearsay and which he complains on appeal should have been excluded by the trial court.

The record was properly and sufficiently identified by the Medical Record Librarian for the City Memorial Hospital in Nacogdoches as those made in the regular course of business at or near the time the matters contained therein occurred and were admissible in evidence under Article 3737e, Vernon's Ann.Tex.Civ.St. Dr. Tucker later testified at the trial and was cross-examined by the appellant.

Dr. Tucker testified without objection to the following: On September 14, 1968, Joe Hall was a patient of his, and he was bruised, had a broken left arm and some broken ribs. Hall appeared to have been beaten up, and the injuries could have been inflicted by Hall's having been struck with a fence post. He (Tucker) had x-rayed and treated Hall. Hall had stayed in the hospital for about twenty-four days, and medicine had been prescribed to relieve Hall's pain. Hall had been dismissed from the hospital when his arm healed, and he (Tucker) had seen him several times since. Prior to the injuries in question, he (Tucker) had treated Hall for diabetes, and Hall was totally blind.

The admission in evidence of hospital records under Article 3737e, supra, is an exception to the hearsay rule, and the admission of the record reveals no reversible error. McCarty v. State, 167 Tex.Cr.R. 164, 319 S.W.2d 338; Mills v. State, 169 Tex.Cr.R. 428, 334 S.W.2d 807; Fields v. State, Tex.Cr.App., 402 S.W.2d 740.

The judgment is affirmed.

MORRISON, J., not participating.