**Albert R. DIAZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44221.**

Court of Criminal Appeals of Texas.

Nov. 9, 1971.

Rehearing Denied Dec. 21, 1971.

---

Victor R. Blaine, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Erwin Ernst, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for assault with intent to murder with malice aforethought, with punishment assessed by the jury at five years.

Appellant's sole ground of error is that the court erred in admitting hearsay evidence about medical treatment allegedly received by the complaining witness.

We affirm.

Mrs. Kathy Tyler testified she was the custodian of the hospital records and supervised the preparation of the records relating to individuals administered treatment at the Ben Taub Hospital during the month of January, 1966, and also on the date of the trial, that they were official records in her care, custody, and control and filed under her supervision, control, and authority; that this was a regular procedure of operation that has been followed for many years. From the hospital records, she then read into evidence a discharge summary and a type treatment summary afforded the complaining witness in this cause. There was no objection at any time by appellant to this procedure.

Since the evidence was admitted without objection, it cannot now be complained of for the first time on appeal. Watkins

v. State, 411 S.W.2d 364 (Tex.Cr.App. 1967). This Court has held in the case of Flemons v. State, 451 S.W.2d 495 (Tex.Cr.App.1970) and Fields v. State, 402 S.W.2d 740 (Tex.Cr.App.1966), that compliance with Art. 3737e, Vernon's Ann. Civ.St., makes hospital records admissible into evidence.

There being no reversible error, the judgment is affirmed.