**Fred Luther WILLIAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46054.**

Court of Criminal Appeals of Texas.

April 11, 1973.

John G. Gilleland, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

### DALLY, COMMISSIONER.

The conviction is for rape; the punishment life imprisonment.

A twenty-eight year old woman from out of the state, who was a visitor in Houston, lost her way and stopped her automobile in the Fourth Ward to obtain directions. While she was conversing with the appellant, known as "Big Fred," a young man reached through the window, snatched her purse and ran. The appellant offered to show her where the purse snatcher lived. He got into the automobile with her and after directing her to drive a few blocks told her to "pull over." The appellant's helpful manner changed abruptly. He hit her in the face and when she refused to disrobe, he took her clothes off. He then forced her to have intercourse with him.

When the complainant drove from the place where the appellant got in the car a group of from twenty-five to fifty young men followed on foot. They hovered around her car as the appellant finished his assault upon her. The complainant could not say how many, but a number of the young men continued to have forcible sexual relations with her. The complainant was also forced, upon threat of death, to commit acts of sodomy upon various individuals.

One of the young men who had raped the complainant, and who had been granted immunity, testified to seeing the appellant rape her and observed, while awaiting his turn, at least sixteen others do so. Several witnesses who were not implicated had seen the appellant talking with the complainant and get in the automobile with her.

The complainant was finally rescued by a young man who had seen the appellant get in the car earlier in the evening between 8:00 and 9:00 p. m., and who saw the car at near 2:00 a. m. as he was walking to his cousin's house. He pretended to have a gun and drove off the remaining assailants. He then helped her get to some of her friends who took her to the hospital.

The appellant first complains that "the court erred in admitting into evidence the medical report marked as Exhibit No. 1."

State's Exhibit No. 1 was the Emergency Service Treatment Sheet which was completed at the time the complainant was examined at the hospital. The custodian of the hospital records testified that the treatment sheet was a record kept in the usual and ordinary course of business at the hospital. At the time of trial the appellant's counsel objected to the exhibit being admitted on the ground it was hearsay.

■ The hospital record is hearsay evidence, but it was admissible as an exception to the Hearsay Rule because it was shown to be a business record and admissible under the provisions of Article 3737e, Vernon's Ann.Civ.St. See Mills v. State, 169 Tex.Cr.R. 428, 334 S.W.2d 807 (1960); Fields v. State, 402 S.W.2d 740 (Tex.Cr.App.1966); Batiste v. State, 462 S.W.2d 30 (Tex.Cr.App.1971) and Diaz v. State, 473 S.W.2d 492 (Tex.Cr.App.1971).

The appellant's second ground of error is that "the court erred in making comment to the prosecutor about the re-offer of evidence which constituted a comment upon the weight of the evidence."

■ The trial court had sustained an objection to the offer of State's Exhibit No. 1. Thereafter, additional testimony as a predicate for its admission was offered and defense counsel continued to object. After ruling, the court said ". . . You may re-offer it at this time." We do not construe the court's remark to be a comment on the weight of the evidence and observe that no objection on this ground was made at the time of trial. No error is shown. Johnson v. State, 170 Tex.Cr.R. 349, 341 S.W.2d 170 (1960).

■ The appellant's remaining ground of error is that "the court erred in not granting the defendant's motion for an instructed verdict of not guilty for failure to prove venue and jurisdiction."

The record is replete with references to the acts of the appellant having occurred within the Fourth Ward or near a school and named business establishments shown to be located within the Fourth Ward. Officer Horlica and the accomplice witness Reese both gave testimony that the Fourth Ward was located in Houston, Harris County, Texas. This ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.