Clifford Allen McCARTY, Appellant,

v.

The STATE of Texas, Appellee.

No. 30246.

Court of Criminal Appeals of Texas.

Nov. 2, 1977.

---

Frank W. Sullivan, III, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Marvin Collins and Howard M. Fender, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury in 1958 appellant was convicted of murder with malice. Punishment was assessed by the jury at life. On appeal appellant was not represented by counsel, and his conviction was affirmed in *McCarty v. State*, 167 Tex.Cr.R. 164, 319 S.W.2d 338. It being uncontested that appellant was indigent at the time of his original appeal, we granted appellant this out-of-time appeal on February 9, 1977 in Cause No. 53,725.

Our examination of the record reflects that the factual summary set out in our original opinion in *McCarty v. State*, supra, is accurate and is as follows:

"The State's testimony shows that on the night of the homicide the deceased was playing in a band at a night club on the Jacksboro highway near the City of Fort Worth. At the conclusion of the dancing around midnight, the deceased and Jack McCarty, a brother of the appellant, engaged in a fist fight on the dance floor. Witnesses called by the State testified that they saw no knife or anything in the hands of either combatant. While the fight was in progress appellant intervened and first cut the deceased in the back with a knife. Several spectators tried to stop the fight but were prevented when appellant would turn on them with the knife. During the fight appellant said he 'was going to cut the deceased's privates' and began cutting him around the thighs. After the fighting ceased

and the deceased was on the floor, appellant, as he was leaving the scene reached down and again cut the deceased over the eye.

"The deceased was carried from the scene to a hospital with a stab wound of the right chest, two stab wounds in the left thigh and one on the forehead and pronounced dead at 1:15 A.M. It was shown that the cause of death of the deceased was the knife wound in the chest.

"As a witness in his own behalf appellant admitted cutting the deceased on the back but denied cutting him in the chest or above the eye. Appellant testified that he entered the fight to aid his brother when his brother hollered 'Cliff get him off of me—he's cutting me'; that he saw a knife in the deceased's hand, was scared and cut him to get him off of his brother but did not intend to kill him."

In appellant's first two grounds of error he contends the evidence is insufficient to support the conviction because there is a fatal variance between the allegations in the indictment and the proof adduced at trial and further contends he was arraigned under an improper indictment.

The record contains two indictments, both bearing identical cause numbers and both filed with the trial court on the same date. The indictment contained in the original transcript filed with this Court on September 13, 1958, omitting the formal parts, alleges that appellant "did then and there unlawfully, voluntarily and with malice aforethought kill Jimmy Garner by slashing, stabbing and cutting him with a *gun* . . . ." (Emphasis added.) The other indictment filed with this Court by supplemental transcript on September 19, 1958, tracks the language of the indictment contained in the original transcript but substitutes the word "knife" for the word "gun."

Appellant asserts that the supplemental transcript containing the correct indictment

is not properly before this Court for review and therefore a reversal is mandated because the indictment in the original transcript alleges the murder weapon to be a gun while the proof shows the same to be a knife.

▮ Art. 828, Vernon's Annotated Code of Criminal Procedure in effect at the time of appellant's original appeal,[1] provides:

"The effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had, until the judgment of the appellate court is received by the court from which the appeal was taken. In cases where, after notice of appeal has been given, the record or any portion thereof, is lost or destroyed, it may be substituted in the lower court, if said court be then in session; and, when so substituted, the transcript may be prepared and sent up as in other cases. In case the court from which the appeal was taken be not then in session, the appellate court shall postpone the consideration of such appeal until the next term of said court from which said appeal was taken; and the said record shall be substituted at said term as in other cases."

▮ Appellant contends that since the indictment contained in the original transcript was neither "lost or destroyed" the trial court had no authority to include any indictment in a supplemental transcript. We do not agree. As we stated in *Morales v. State*, 171 Tex.Cr.R. 124, 345 S.W.2d 537, in 1961, a case decided while Art. 828, supra, was in effect:

"The only means by which a transcript may be completed is by supplemental transcript duly prepared and forwarded by the clerk of the trial court direct to the clerk of this Court. 5 Tex.Jur.2d 515, Sec. 316; *Huskey v. State*, 157 Tex.Cr.R. 247, 248 S.W.2d 131."

▮ The indictment completing the transcript was duly prepared and forwarded in

---

1. The appellate procedure applicable to an out-of-time appeal is the appellate procedure in effect at the time of the original appeal or attempted appeal. *Ex parte Young*, Tex.Cr.

App., 517 S.W.2d 288 and cases there cited. Since the original appeal in the instant case was in 1958, the Code of Criminal Procedure, 1925, as amended is applicable.

a supplemental transcript by the trial court clerk direct to the clerk of this court and is properly before us for review. The court's charge reflects that appellant was charged under the proper indictment contained in the supplemental transcript. The charge provided in pertinent part:

". . . if you find and believe from the evidence, beyond a reasonable doubt, that the defendant herein, on or about the 26th day of October, 1957, in the County of Tarrant and State of Texas, with malice aforethought, as that term is herein defined, did voluntarily kill the said Jimmy Garner by slashing, stabbing or cutting the said Jimmy Garner with a knife, *as alleged in the indictment*, you will find the defendant guilty of murder with malice, . . ." (emphasis added).

Further, there was sufficient proof adduced at trial to support the jury's finding of appellant's guilt of murder with malice by stabbing the deceased with a knife.

We observed in *McCloud v. State*, Tex.Cr. App., 527 S.W.2d 885:

"It is a cardinal rule of appellate procedure in this State that we must indulge every presumption in favor of the regularity of the proceedings and documents in the lower court."

Also see Art. 847, Vernon's Annotated Code of Criminal Procedure in effect at the time of appellant's original appeal.

Indulging such "presumption of regularity," we find and the record reflects that appellant was arraigned, tried, charged, and convicted under the indictment alleging the murder weapon to be a knife.

Grounds of error one and two are overruled.

In ground of error three appellant contends there is insufficient evidence to show that appellant inflicted the chest wound which caused the deceased's death. It is uncontroverted that Garner's death was caused by a "knife wound in the chest." Although none of the eyewitnesses to the stabbing testified that they saw appellant stab the deceased in the "chest," each testified that appellant stabbed the deceased in

various parts of his body and that they observed no other wounds being inflicted upon the deceased, other than the knife wounds caused by appellant. We find this evidence sufficient to support a finding that appellant inflicted the fatal chest wound upon the deceased.

Ground of error three is overruled.

■ In grounds of error four and five appellant contends the trial court erred in admitting into evidence the hospital records of the admission, treatment and death of the deceased over appellant's hearsay objection. Appellant raised the same error in his original appeal in *McCarty v. State*, 167 Tex.Cr.R. 164, 319 S.W.2d 338, and in ruling adversely to his contention we stated:

"The hospital records of the admission, treatment, and death of the deceased were sufficiently identified by the custodian of such records, and were admissible in evidence under the provision of Art. 3737e, Vernon's Ann.Rev.Civ.St. over appellant's objection that they were hearsay."

Accordingly, grounds of error four and five are overruled.

■ In ground of error six appellant complains of improper jury argument.

The argument complained of is as follows:

"Yes, I think you have a right in considering the punishment that might be meted out, you have a right to consider the life the family life, the past of the man killed, I think you have a right to do that, I think if you were faced with a man whose record could be smeared all over the wall that you might consider that in the punishment that should be assessed. I think you have that right to.

"Attorney for Defendant: Your Honor, *we're are* going to object to counsel's argument and his last comment and ask the court to ask the jury not to consider it.

"The Court: I will sustain the objection, you are so instructed, ladies and gentlemen.

"Attorney for Defendant: I would like at this time that the Court declare a mistrial.

"The Court: I will overrule your motion."

We note that following appellant's objection the State's Attorney explained to the jury that his comment, "I think if you were faced with a man whose record could be smeared all over the wall that you might consider that in the punishment that should be assessed . . ." did not allude to a prior criminal record of appellant, but referred to the fact that the deceased did not have a criminal record. Further, the trial court's instruction to the jury to disregard the prosecutor's initial remarks removed the harmful effects thereof. No reversible error is shown. *Spaulding v. State*, Tex.Cr. App., 505 S.W.2d 919; *Ramos v. State*, Tex. Cr.App., 419 S.W.2d 359.

The ground of error six is overruled.

We have reviewed the appellant's contention raised in his pro se brief and find it without merit.

The judgment is affirmed.

Opinion approved by the Court.

ROBERTS, J., not participating.