OPINION
TEAGUE, Judge.
Steven Barnes, appellant, appeals his conviction by a jury for committing the offense of voluntary manslaughter on an indictment which charged him with committing the offense of murder pursuant to V.T.C.A., Penal Code, Sec. 19.02(a)(1). The jury assessed punishment at 5 years’ confinement in the penitentiary.
We find that we are confronted with unassigned error which requires reversal, because of error of commission in the *2 trial court’s charge. See Art. 40.09, subd. 13, Y.A.C.C.P., which was in effect at the time notice of appeal was given in this cause. The appellate procedure applicable to this appeal is the appellate procedure in effect at the time notice of appeal was given, January 10,1979, which was prior to September 1,1981, the date the amendment of Art. 40.09, which deleted subdivision 13, became effective. Mc Carty v. State, 557 S.W.2d 295 (Tex.Cr.App.1977); Ex parte Young, 517 S.W.2d 288 (Tex.Cr.App.1974); Baker v. State, 447 S.W.2d 172 (Tex.Cr.App.1969); Beaver v. State, 401 S.W.2d 841 (Tex.Cr.App.1966). Art. 40.09, subdivision 13, supra, implicitly mandates that fundamental error of omission or commission in the trial court’s charge must be reviewed in the interest of justice. “Fundamental error is presented where error in the charge goes to the very basis of the case so that the charge fails to state and apply the law under which the accused is prosecuted.” Harris v. State, 522 S.W.2d 199, 202 (Tex.Cr.App.1975). See also Art. 36.19, V.A.C. C.P. Excepting the names of the defendants and the victim the indictment in this cause and the application paragraph of the trial court’s charge are in all things identical to those found in Deitch v. State, 617 S.W.2d 695 (Tex.Cr.App.1981); Colbert v. State, 615 S.W.2d 754 (Tex.Cr.App.1981); and Young v. State, 605 S.W.2d 550 (Tex.Cr.App.1980). This Court reversed those causes because the jury charges authorized convictions under theories not included in the charging instruments. The charge in this cause authorized the jury to convict the appellant for committing the offense of voluntary manslaughter, if it found that he had committed murder under either V.T. C.A., Penal Code, Sec. 19.02(a)(1) or (2), but further found that the killing resulted from “a sudden passion.” See V.T.C.A., Penal Code, Sec. 19.04. If a person intentionally causes the death of another person, but the person who causes the death does so under the immediate influence of sudden passion arising from an adequate cause, he is guilty of voluntary manslaughter and not murder. See V.T.C.A., Penal Code, Sec. 19.04. Causing death under the immediate influence of sudden passion arising from an adequate cause is in the nature of a defense to murder that reduces the offense of murder to the lesser included offense of voluntary manslaughter. Braudrick v. State, 572 S.W.2d 709 (Tex.Cr.App.1978). The indictment in this cause only alleged the offense of murder under Sec. 19.02(a)(1). However, the charge to the jury improperly expanded the facts under which the appellant could be found guilty of voluntary manslaughter by stating the terms of both Sec. 19.02(a)(1) and Sec. 19.02(a)(2).
A charge which allows a conviction under a theory or theories for which the accused was not given notice in the charging instrument requires reversal even if no objection was made at trial and even though the expansion occurred in that part of the charge where the trial court charges on a lesser included offense of that alleged in the indictment. Fella v. State, 573 S.W.2d 548 (Tex.Cr.App.1978); Garcia v. State, 574 S.W.2d 133 (Tex.Cr.App.1978); Powell v. State, 12 Tex.App. 238 (1882); Brown v. State, 595 S.W.2d 550 (Tex.Cr.App.1980).
Because the charge in this instance authorized a conviction under theories of voluntary manslaughter pursuant to V.T.C.A., Penal Code, Sec. 19.04, coupled with both Sec. 19.02(a)(1) and Sec. 19.02(a)(2), whereas the indictment was drafted only under Sec. 19.02(a)(1), it was fundamentally defective because it authorized the jury to convict the appellant under a theory not included in the indictment. Under the many decisions of this Court, reversal is required.
Although the appellant may not be retried for committing any offense greater than voluntary manslaughter, see Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Greene v. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), this Court’s decision will not preclude the State from reindicting the appellant for committing the offense of voluntary manslaughter, and alleging both methods of committing the offense, see Durrough v. State, 620 S.W.2d *3 134 (Tex.Cr.App.1981), should it desire to do so.
The judgment is therefore reversed and the cause remanded.
DALLY and W.C. DAVIS, JJ., concur in result.