# FEBRUARY 6, 1935

J. L. Bushiey v. The State.

No. 17215.   Delivered February 6, 1935.

The opinion states the case.

*Currie McCutcheon,* of Dallas, and *Scott & Hall,* of Marshall, for appellant.

*Benjamin Woodall,* County Atty., of Marshall, *Lloyd W. Davidson,* State's Atty., of Austin, and *Joe L. Hill,* of Henderson, Special Pros. Atty., for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for 35 years.

In the opinion in the companion case of Lee Burns v. The State, Opinion No. 17,214, delivered January 30, 1935,* all of the questions raised in this case, except those hereinafter mentioned, were discussed and decided adversely to appellant's contentions. Reference is made to the companion case for a statement of the evidence adduced by the State. In the present case appellant testified that he took Mrs. Berg's whisky, but denied that he got her money. He testified that neither he nor his companions exhibited a pistol.

It is shown in bill of exception No. 10 that immediately before private prosecutor began the closing argument for the State appellant's counsel requested the court to require him to tell the court and jury who employed him. We think the request came too late.

Bill of exception No. 11 brings forward appellant's objection to the following argument of private prosecutor: "If you turn the defendant loose you might just as well burn the courthouse, tear up the law books and fire District Judge Reuben Hall." Appellant's objection to the argument was overruled. In Coates v. State, 265 S. W., 891, a similar argument was employed. In declining to reverse the case, this court said that it would not be assumed that the verdict of the jury was responsive to the statement of counsel rather than to the facts adduced on the trial. In determining whether an improper argument is of such nature as to be obviously hurtful and prejudicial, the facts and surroundings of the particular case must be looked to. Shield v. State, 38 S. W. (2d) 76. We are constrained to hold that the bill of exception fails to reflect reversible error.

It is shown in bill of exception No. 12 that private prosecutor, in his closing argument, used language as follows: "Gentlemen of the jury, I wonder what you will say when one night the same man comes up to you on the highway and robs you." Appellant's objection to the argument was overruled. If improper, we are unable to agree with appellant that the argument was harmful.

It is shown in bill of exception No. 14 that private prosecutor asked appellant on cross-examination the following question: "What were you doing with that machine gun when you were arrested in an automobile with a machine gun last February?" Appellant's objection to the question was promptly sustained and the jury were instructed not to consider said question for any purpose. Bill of exception No. 13 shows that private prosecutor, in his closing argument, used language as follows: "I wonder whether the defendant had a machine gun with him in Wichita Falls last February. Would he tell you about that?" Appellant's objection to the argument was sustained, and the jury instructed orally and in writing not to consider the remarks of counsel for any purpose. In the light of the evidence, we are unable to reach the conclusion that the matter presents reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

*Reported in 127 Texas Crim. Rep., 599.