## H. V. WORTHAM V. THE STATE.

No. 19392.   Delivered March 3, 1938.
Rehearing denied April 20, 1938.
Appellant's request for leave to file second motion for rehearing
denied (without written opinion) May 25, 1938.

The opinion states the case.

*Eddie Roark,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for robbery by firearms; punishment is confinement in the State Penitentiary for five years.

The testimony offered by the State, briefly stated, shows that on the night of October 18, 1936, three men held up and robbed W. A. Shrode, an employee of the Kemp Petroleum Company. They took $7 in money from his person and about 160 gallons of gasoline from his truck. Appellant was positively identified as one of the parties who robbed him. Appellant did not testify; his defense was that of an alibi.

By bill of exception number one, appellant complains of the court's refusal to permit him to inquire into and prove by the assaulted party that he had been stopped on one occasion by a highway patrolman for having a white light instead of a

green or amber light on the catwalk of his oil truck. The court, in his qualification of the bill, states that appellant sought to lay a predicate to impeach said witness upon an immaterial matter and that appellant had theretofore asked the witness the direct question as to whether the light was green or amber, to which the witness had replied that it was neither; that it was white. This was a sufficient predicate for impeachment. We see no error in the court's ruling. The color of the light was not material unless it could be shown that the green or amber light would enable a person to better identify objects or persons.

Bill of exception number two reflects no reversible error as qualified by the court. However, prosecuting attorneys should refrain from placing before the jury, directly or indirectly, any fact or circumstance which would not be legally admissible.

Bill of exception number three fails to reflect any error. It fails to show that the witness answered the questions propounded to her. The question of whether she saw appellant put his pistol up when he came home, was not, in itself, erroneous.

Bill of exception number four is qualified by the court and as thus qualified reflects no error.

By bill number five, appellant complains of the testimony of the witness, Jim Harris, who arrested appellant and who testified that he saw Johnson take a pistol from under the hood of appellant's car. This testimony was, we believe, admissible to support the testimony of Shrode, the injured party, who testified that the parties who robbed him had a black looking pistol, the same color as the pistol found in the car.

By bill of exception number six, appellant complains of the testimony given by the deputy sheriff of Dallas County. He testified that he went to Wills Point and brought the appellant and his car back; that in said car, he found a pair of gloves taken from the Hale boy in a hold-up; that he found things in the car that were taken in other hold-ups. The court promptly sustained appellant's objection and instructed the jury not to consider such testimony for any purpose. While said testimony was not proper, the fact that the court sustained the objection of appellant and withdrew it from the consideration of the jury, and the further fact that appellant's sentence was assessed at the lowest punishment prescribed for the offense charged, would indicate that appellant's rights were not prejudicially affected. Appellant was positively identified as one of the parties who held up and robbed Shrode.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant again complains in his motion for a rehearing herein of this Court's failure to write, in the original opinion herein, on his bills of exceptions Nos. 5 and 6.

Bill No. 5 complains of the court allowing the officer, who arrested the appellant some days after the alleged robbery, to testify that under the hood of the car, in which appellant was riding, he found a pistol. This car was admitted by appellant to be his, and the pistol was a dark pistol similar to the one said by the prosecuting witness to have been used in the robbery. In his qualification of this bill the trial judge says that the description given by the witness fitted the description of the gun found under the hood of appellant's car. We think the objection would probably go to the weight of the testimony rather than to its admissibility.

Bill No. 6 complains of an answer of the witness Decker wherein he was asked what else he brought back from Wills Point where appellant was arrested. In his answer the witness stated: "Dick Wortham [appellant], this automobile and this pistol, and some items picked up on other hijackings," and upon objection the court instructed the jury not to consider the answer for any purpose, and also instructed witness to make his answers responsive to the questions. The State's attorney then directed his attention only to the question as to whether he got any leather gloves out of such car. The witness then said: "I took out of the car a pair of gloves that was taken from this Hale boy in hijacking." The court on his own initiative instructed the jury to pay no attention to and to disregard such answer as to the portion "that was taken from the Hale boy in hijacking."

This testimony was admissible as to the leather gloves, we think, because the prosecuting witness testified that a leather glove was placed over his eyes, and a handkerchief then tied around his head at the time of the robbery, and the finding of such at the time of appellant's arrest would be a circumstance with some bearing on the fact of appellant's guilt.

The volunteered portion of other hijackings was not with the court's nor State's attorney's consent, and we do not think such was serious enough to cause a reversal hereof, especially in view of the court's control thereof with his immediate instruction to the jury to disregard the same.

To our minds the original opinion is correct, and the motion is overruled.