E. L. WOODLAND V. THE STATE.

No. 23006. Delivered January 3, 1945.
Rehearing Denied January 24, 1945.

The opinion states the case.

*Alex Pope, of Tyler,* and *M. Neal Smith,* of Longview, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is an appeal from a conviction of unlawfully possessing whisky for the purpose of sale in a dry area, with punishment enhanced by reason of two prior convictions of the same character of offense, under the provisions of Art. 61, P. C., the punishment assessed being a fine of $2,000.00 and two years' confinement in the county jail.

The sufficiency of the evidence to support the conviction not being challenged, no necessity exists for a statement of the facts.

Reliance is had for a reversal upon the closing argument

of State's counsel, which appears in Bill of Exception Number Two as follows:

"When a man violates the law twice and is convicted and then he comes back into Court and is charged again, that the officers, your prosecuting officers, have a right to allege those two prior convictions of that for the sole purpose of enhancing his punishment, and that, Gentlemen of the Jury, is the sole purpose of the State in placing those counts in that information is to enhance the punishment; and I think, Gen*etl*emen of the Jury, that when the Legislature made that provision of the law and said that you could make it four times the punishment, that you could send a man to jail for four years and fine him four thousand dollars they must have seen Ed Woodland and must have had him in mind when they wrote that law, because I don't know of any man that that provision of the law will come nearer fitting than it would Ed. Woodland."

Upon appellant's objection, the argument was withdrawn from the jury, with instruction not to consider it for any purpose. Appellant contends the argument was so harmful that its injurious effect could not be eliminated by a withdrawal thereof from the jury, and that such injury is especially manifested wherein counsel said, "I don't know of any man that that provision of the law will come nearer fitting than it would Ed Woodland," which appellant claims constituted unsworn testimony on the part of counsel.

The State having alleged the prior convictions of the appellant and having sustained same by the proof, State's counsel was not only well within his rights, but the record also, in making reference thereto as well as the purpose thereof.

It is the rule of long standing that injury from improper remarks of counsel is ordinarily obviated when withdrawn by the court and the jury instructed to disregard same. It is only when the argument in such cases is obviously prejudicial that a reversal of the conviction is called for. Authorities attesting the rule are numerous and will be found collated: 12 Tex. Digest, p. 515—Criminal Law, Sec. 730.

In the light of the record before us, we are unable to reach the conclusion that the argument complained of comes within the exception noted.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant has filed a motion for a rehearing in which he claims that we erred in two respects in the original disposition of this case: First, in holding that the argument of the County Attorney was justified inasmuch as it was a comment upon the evidence and the law of the case; and second, in failing to discuss his first bill of exception. We have again reviewed the record in the light of his motion but remain of the opinion that his complaint relative to the argument of the County Attorney was properly disposed of. The reason why we did not discuss Bill of Exception No. 1 was because it is without merit, and an extended discussion thereof would serve no useful purpose nor be of any benefit to the jurisprudence of the state.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court fo Criminal Appeals and approved by the Court.