**John Charles LOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36957.

Court of Criminal Appeals of Texas.

May 27, 1964.

Rehearing Denied June 27, 1964.

Dalford Todd, Dallas, for appellant.

Henry Wade, Dist. Atty., Don Wills, George Milner, Harryette Bercu and C. M. Turlington, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for robbery; the punishment, five years.

While Billy Ray Smith, about 7:30 p. m., was walking across a street to his car which was parked on the opposite side, three girls in an automobile asked him if he would like to take a ride, and he accepted. The appellant and another man soon joined the party, and after Smith bought some beer they drove to White Rock Lake. When Smith had opened a can of beer and stepped from the car the appellant thrust a pistol against his ribs, thereby bruising his body, and told Smith to lay his billfold on the seat of the car, which he did because he was in fear of his life or bodily injury. Appellant then directed Smith to walk in a certain direction and not to start back because he "wouldn't make it." Smith complied, and appellant and the other four left in the car. Shortly thereafter Smith notified the police and informed them of what had occurred. When he returned to his car he found that his billfold and some papers had been placed in the car. Smith further testified that his billfold contained eight dollars in money at the time appellant ordered him to place it on the car seat while holding a pistol against his body; that the money was not in the billfold when he next saw it in his car; and that he never gave anyone his consent to take it and it was taken against his will. The next day at the police station, Smith identified the appellant as the same person who, while holding a pistol, had commanded him to place his billfold on the car seat. At this time, he also identified appellant's companions, who were present when his billfold was taken.

The officers found the appellant, two other men, and three girls asleep in and near a car in a park the morning after the report of the alleged robbery in this case. They found a loaded pistol in the purse of the girl who, with the appellant, was asleep in the back seat of the car. Smith testified that this pistol appeared to be the same one used by the appellant when his billfold was taken. Officer Boyd testified that Smith had a bruise on the side of his body.

Testifying in his own behalf, the appellant stated that after loaning his car to three girls, they returned for him and his companion, after which they stopped for the other girl and Billy Ray Smith; and that after Smith bought some beer they started to White Rock Lake. On the way to the lake, Smith became familiar with his girl companion and after repeated objections by her the appellant told Smith to leave her alone. When Smith continued, they stopped, and appellant told Smith to get out and leave, which he did. No force or weapon was used to cause him to leave.

Later, the girl discovered Smith's billfold in the back seat. As she knew where Smith's car was parked, the parties drove by and left the billfold in the seat after examining the billfold and finding that it contained no money.

Appellant denied taking any money at any time, or that any of his companions, within his knowledge, did so. Appellant stated that after riding around for some time he went to sleep and the next thing he knew it was morning and officers were awakening him and his companions, in a park.

Appellant identified the pistol exhibited to him at the trial as the same pistol that had been under the seat of his car for several days but testified that it was owned by a friend and had been left there after they had been practice-shooting with it.

■ Complaint is made that the jury arrived at their verdict by lot or in a manner showing that they did not understand the evidence in the case. He relies upon certain purported questions propounded by the jury to the court after they had retired for deliberation, and the purported instructions to the jury in response to the questions.

The questions referred to are not in the record. Apparently, said questions are included in the purported instructions appearing in the transcript. There is no showing that the jury saw said instructions. These instructions are not authenticated in any manner which would authorize their consideration. Bradford v. State, Tex.Cr. App., 372 S.W.2d 336.

■ It is insisted that the trial court erred in permitting the state's witnesses to testify as to conditions surrounding appellant's arrest the morning after the alleged offense. While testifying, the appellant related most of the conditions of which he complains, including the name of the girl who was sleeping on the trunk of the car when the officers awakened them, and also that a loaded pistol was found under the car seat. In view of all the evidence the admission of that complained of was not error.

■ Error is urged in allowing the state to cross-examine the appellant about his activities on Friday night before the alleged robbery on Saturday night. No objections were made to appellant's testimony relating what he did Friday night until he met one of the men and one of the girls he was with Saturday night. Except that they were acquainted and were together, there is no evidence pertaining to or connecting them with the alleged robbery Saturday night. Hence no error is shown.

The other contentions presented have been considered and they do not show error.

■ The evidence is sufficient to support the conviction, and no error appearing, the judgment is affirmed.

Opinion approved by the Court.