James A. HUGHES, Appellant,

v.

*The* **STATE** *of Texas, Appellee.*

No. 39826.

Court of Criminal Appeals of Texas.

Nov. 16, 1966.

Rehearing Denied Dec. 31, 1966.

Herbert Green, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., John C. Vance, Ross Teeter, W. John Allison, Jr., and Kerry P. Fitzgerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

McDONALD, Judge.

The offense is burglary; the punishment, enhanced by a prior conviction under Art. 62, Vernon's Ann.P.C., confinement in the Texas Department of Corrections for 12 years.

Notice of appeal was given prior to January 1, 1966.

The record reveals that on May 13, 1965, Mrs. J. R. Johnson had driven back to her home after picking up her child from school. She could not get into her driveway because a truck was parked in it. She waited momentarily until the truck backed out of the way. Mrs. Johnson testified that there were two colored men in the truck and that the driver of the truck asked her where a particular residence was. She did not get a look at the man's face who accompanied the driver. An inspection of the house revealed that it had been broken into and that some money and a rifle were missing. A short while afterward, when the police were at the Johnson home, the driver of the truck returned and gave back the rifle. The police took this man, Bobby Jo Tarrant, to jail. At approximately 10:30 the next morning Tarrant told the police that the appellant, James Hughes, was the man who had been with him at the Johnson home. At this time he also told the officers that his wife, who had just left the jail, had said that appellant was at the Tarrant home. The officers immediately went to the Tarrant home to find Hughes. They did not find him there but did receive information as to his whereabouts. On this same day at approximately 11:30 a.m., the officers arrested Hughes. At 3:00 p.m. appellant gave a statement confessing his participation in the offense.

We find the evidence sufficient to sustain the verdict.

Appellant contends that his arrest without a warrant was illegal and that he was not taken before a magistrate in accordance with Article 217, Vernon's Ann.C.C.P.

We shall pretermit a discussion of the question of the legality of the arrest since this court has held in cases such as this, where the admissibility of confessions is in question, that it is the illegal detention and not an illegal arrest which vitiates a confession. Dugger v. State, Tex.Cr. App., 402 S.W.2d 178. An examination of the evidence above recited reflects that there was ample reason to detain appellant and his detention did not vitiate the confession. Further, the failure to take appellant before a magistrate between the time of arrest, 11:30 a.m., and the time of the confession, 3:00 p.m., was not an unreasonable delay. Creswell v. State, Tex.Cr.App., 387 S.W.2d 887. This court has also held that failure to take an accused before a magistrate vitiates a confession only when there is some causal connection between such failure and the making of a confession. Grissam v. State, Tex.Cr.App., 403 S.W.2d 414, Ferrell v. State, Tex.Cr.App., 397 S.W. 2d 86. No such causal connection is here shown.

Appellant next contends that his confession was not voluntary; that it was

the result of coercion, fear, duress, and threats. He also contends that he was denied due process of law because he was not informed of his right to counsel, was denied counsel, and was refused permission to make a telephone call. In a hearing outside the presence of the jury, the careful and very able trial judge heard the testimony concerning the voluntariness of the confession. He then made findings of fact, holding as a matter of law and of fact, that the confession was voluntarily made and that appellant was given the required warnings prior to the confession and signing thereof. This contention has no merit.

■ Appellant objected to the reading by the state of the indictment and proof of a prior conviction before the jury. This court has consistently approved this practice for the purpose of enhancement under the applicable enhancement statutes, Articles 61–63, Vernon's Ann.P.C.; Sims v. State, Tex. Cr.App., 388 S.W.2d 714; Stephens v. State, Tex.Cr.App., 377 S.W.2d 189.

■ Lastly, appellant urges two separate contentions that the prosecution committed reversible error in his jury argument. The first portion of the argument, it is contended, injected public opinion into the trial. The words which were objected to are: "Why don't they do something about it?" and "They are talking about you." The trial court sustained appellant's objection to this statement. No request was made of the trial court to instruct the jury to disregard this argument, nor was a motion for mistrial made by appellant's counsel. Apparently appellant was satisfied with the court's ruling because he asked for no further relief. Appellant is in no position to complain of said statement. Van Skike v. State, Tex.Cr.App., 388 S.W.2d 716; Matlock v. State, Tex.Cr.App., 373 S.W.2d 237; Baker v. State, Tex.Cr.App., 368 S.W.2d 627, and Bearden v. State, 169 Tex.Cr.R. 437, 334 S.W.2d 447. We think the action of the trial court in overruling appellant's final objection to the prosecution's jury argument is devoid of error as we agree

that the complained of argument was based upon the evidence adduced at the trial of this cause.

Finding no reversible error, the judgment is affirmed.