Richard GIBSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 41436.

Court of Criminal Appeals of Texas.

July 17, 1968.

---

Don P. Teague, Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., Alvin Walvoord, Camille Elliott, Malcolm Dade and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is assault with intent to commit murder; the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., life.

We do not deem it essential for the proper disposition of this appeal to set forth the details of the offense. Suffice it to say the shooting here involved was motivated by jealousy between the appellant and Coy Blacksher, the complaining witness, over the affections of a woman who was married to a third man.

In ground of error #1 appellant complains of the trial court's refusal to grant a mistrial following prejudicial and inflammatory argument by the prosecuting attorney.

In his argument to the jury on the issue of guilt or innocence, the prosecutor stated, "We have another shooting on our hands right here in Dallas County, the place that the world is referring to as the murder capital of the world." Appellant's timely objection was sustained and the jury instructed to disregard such statement for any purpose whatsoever. Appellant's motion for mistrial was denied.

Appellant cites and relies upon Gusters v. State, 87 Tex.Cr.R. 181, 220 S.W. 92; McCray v. State, 96 Tex.Cr.R. 354, 257 S.W. 566; Stevison v. State, 48 Tex.Cr.R. 601, 89 S.W. 1072; Whitaker v. State, 85 Tex.Cr.R. 272, 211 S.W. 787. In each of these cases the court generally condemned jury argument of the prosecutor with reference to the locality's reputation for lawlessness and to other crimes committed in the locality, not of record, as a means to secure a conviction. In each of these cases, however, reversal was also called for upon other grounds, and in none of the cases does it appear that the court sustained the appellant's objection to the argument and instructed the jury to disregard. We cannot agree that these authorities are controlling in the instant case.

In Weatherly v. State, 163 Tex. Cr.R. 659, 296 S.W.2d 764, the prosecutor stated in his jury argument, "If Juries will convict the guilty, maybe the newspapers will stop referring to Fort Worth as 'Little Chicago.'" The trial court sustained the objection and instructed the jury to disregard while denying the appellant's motion for a mistrial. This Court concluded that such argument was not so obviously prejudicial that its effect upon the jury could not

be removed by the court's instruction to disregard the same.

In Weatherly v. State, supra, this Court said:

"It is the rule that injury from improper remarks of counsel is ordinarily obviated when withdrawn by the court and the jury instructed to disregard same. It is only when the argument in such cases is obviously prejudicial that a reversal of the conviction is called for. 42 Tex.Jur. No. 184, p. 239; Woodland v. State, 148 Tex.Cr.R. 100, 184 S.W.2d 625.

"In determining whether the effect of an improper argument is of such a nature as to be obviously hurtful and prejudicial the facts and surroundings of the case must be looked to, and such is the rule where the objectionable statement or argument does not violate the mandatory provisions of a statute. 42 Tex.Jur. 186, p. 241; Arcos v. State, 120 Tex.Cr.R. 315, 29 S.W.2d 395; and Bushiey v. State, 128 Tex.Cr.R. 1, 79 S.W.2d 124."

The argument in the case at bar should not have been made. In light, however, of the facts and circumstances of this particular assault with intent to commit murder offense and the court's prompt action in sustaining the objection and his specific and unequivocal instruction, we cannot conclude that the argument was so obviously prejudicial as to call for reversal. Ground of error #1 is overruled.

In ground of error #2 appellant contends reversible error occurred when the prosecutor elicited prejudicial and inflammatory hearsay testimony after having been admonished by the court concerning its introduction.

Mrs. Margaret Spead testified that shortly after the shooting of Coy Blacksher by the appellant, which is the basis of this prosecution, the appellant forced her to go to the home of a friend. There he insisted that she phone Parkland Hospital to determine the condition of Blacksher. Thereupon the prosecutor asked the witness Spead "What did they tell you at the hospital?". The appellant's objection to such question was sustained. Thereafter it was established that following the telephone conversation the witness related to the appellant, in response to his questions, what the hospital authorities had stated as to Blacksher's condition, which included the fact that Blacksher was in critical condition and needed ten pints of blood. The trial court correctly sustained the objection to the prosecutor's question quoted above, but the witness' testimony as to her conversation with the appellant following the telephone call was not hearsay and was clearly admissible. Appellant's motion for mistrial was properly denied. Ground of error #2 is overruled.

In ground of error #3 appellant complains of the overall effect of the prosecutor's conduct in leading his witnesses, repeatedly asking incompetent questions, bolstering witnesses by repeating their testimony to himself, and by making inflammatory and improper argument. Appellant readily concedes that this ground of error is generally considered harmless, but urges that when considered with grounds of error #1 and 2 in light of the whole record, the appellant was denied a fair and impartial trial. We cannot agree. While it is true that the prosecutor was somewhat repetitious in his interrogation of some witnesses for which he was duly admonished by the trial court, we fail, in light of the record before us, to perceive reversible error.

Finding no reversible error, the judgment is affirmed.