**Allen MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41688.**

Court of Criminal Appeals of Texas.

Dec. 11, 1968.

Edwards & Faulkner, by John B. Faulkner, O. W. Sternberg, Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., Tommy P. Herring, Asst. Dist. Atty., Waco, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for robbery with firearms; the punishment, twenty-five years.

It was shown by the state's evidence that on the day in question, at approximately 5:45 p. m., two men entered a 7–11 store in the city of Waco, and with the use of firearms robbed the assistant store manager, George Gaines, of between $170 and $180 in money. After obtaining the money, the two fled from the scene in an automobile.

At approximately 6:50 p. m., two highway patrolmen observed the appellant and a companion traveling in an automobile near Bynum, in Hill County, and they were arrested by the patrolmen after they had stopped at a service station. Certain grocery items were found in the automobile which were in possession of one of the men when they fled from the 7–11 store. Two guns were also found in the automobile which were identified as being similar to the guns exhibited in the robbery.

Appellant was positively identified by the injured party and also by other witnesses as one of the men who committed the robbery.

Appellant denied that he committed the robbery.

In his one ground of error, appellant insists that the judgment should be reversed because of a non-responsive answer given by detective Dell Butler, of the Waco police department, stating that the automobile in which appellant was traveling at the time of his arrest was a stolen vehicle.

The record reflects that while detective Butler was being cross-examined by appellant's counsel, the following transpired:

"Q. But from the time these men were arrested until the time you went down to the city pound, that car was in the custody of the law enforcement [sic], wasn't it? A. Yes, sir, it was.

"Q. Is the car still being held? A. No, sir, I understand that the car has been released.

"Q. When was that? A. I don't remember the date. It was released later on. I believe the vehicle indicated it was a stolen vehicle and later reported it was claimed [sic].

"MR. FAULKNER: Please the Court, we're going to object to this. This is hearsay . . .

"THE COURT: I sustain the objection, and instruct the jury, you will not consider the testimony of this witness as to alleged statements of a report and so forth about the car. You will not consider it for any purpose in your deliberations in this case.

"MR. FAULKNER: We ask the Court now to declare a mistrial because this is inserted solely to prejudice and inflame the minds of this jury when it had absolutely no bearing, *its* uncorroborated and impossible to get before the jury at this late date.

"THE COURT: I overrule your motion.

"Q. As a matter of fact, you don't know where the car is, of your own personal knowledge, do you? A. No, sir.

"Q. But you did search it, and you know there was no hat in that trunk. A. I didn't find one, no, sir."

While the answer of the witness was improper, we conclude that under the record it was not so prejudicial that the error could not be cured by the court's instruction to disregard. See: Wortham v. State, 134 Tex.Cr.R. 626, 115 S.W.2d 650.

In support of our conclusion, it should be noted that there was ample evidence identifying appellant as one of the principals in the robbery and that, at appellant's election, the court assessed the punishment.

In Houston v. State, 112 Tex.Cr.R. 261, 16 S.W.2d 119, cited and relied upon by appellant, the state was permitted, over objection, to show, in a prosecution for robbery, that an automobile found in front of a house where the accused was arrested was a stolen automobile. Such facts distinguish the case from the instant one, where the evidence was brought out by appellant on his cross-examination of the witness to which the court sustained an objection and instructed the jury not to consider.

The ground of error is overruled.

The judgment is affirmed.