Michael J. LENZI, Appellant,

v.

The STATE of Texas, Appellee.

No. 42805.

Court of Criminal Appeals of Texas.

May 20, 1970.

Rehearing Denied July 15, 1970.

Ollie K. Mayo, San Antonio, for appellant.

Ted Butler, Dist. Atty., Earl Hill, Vernon Flournoy and Sparta Bitsis, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for robbery by assault with a firearm; the punishment, thirty-five years.

The appellant, Michael J. Lenzi, was tried with Carmelo D'Angelo.

The record reflects that appellant, D'Angelo and another, who had not been apprehended and whose identity was not known by the officers, entered the Alden Hotel in San Antonio at approximately one-thirty o'clock in the morning and robbed the night clerk, Elbert Elliott, while exhibiting a pistol and a banana knife with a six-inch blade.

The sufficiency of the evidence is not challenged.

In the first and second grounds of error, complaint is made that the court erred in admitting testimony that appellant pos-

sessed a pistol when he was arrested. It is not contended that the arrest was illegal.

James Urquhart, a military policeman, testified that at approximately eleven o'clock at night he arrested appellant and D'Angelo some eleven days after the robbery at Fort Sam Houston and found a .32 caliber pistol in the automobile that they occupied. The pistol was not admitted into evidence but was identified before the jury as State's Exhibit No. 3. Outside the presence of the jury, Urquhart testified that the arrest was made after the appellants had pulled a gun on a soldier.

In Cox v. State, 170 Tex.Cr. 128, 338 S.W.2d 711, the conviction was for robbery. Cox was apprehended some seven days after the robbery after he had robbed a store and shot the officer who arrested him. This Court held that evidence about the circumstances of the arrest was admissible even though an extraneous offense was proved.

In Lott v. State, Tex.Cr.App., 379 S.W.2d 896, a robbery was committed with a pistol. Testimony of the arresting officer that a pistol was found the morning after the robbery in the purse of a girl in the back seat of Lott's car where the two were asleep was held to be admissible.

The State may prove the circumstances surrounding the subsequent arrest of an accused. Wortham v. State, 134 Tex.Cr.R. 626, 115 S.W.2d 650.

██ No error is shown; the first and second grounds of error are overruled.

In the third ground of error complaint is made of the argument of Mr. Hill, one of the prosecuting attorneys, when he stated: "There is no coincidence in this world that would put those same two people (D'Angelo and appellant) in the car together out at Fort Sam Houston, with the .32—."

Mr. Brown, counsel for D'Angelo, stated: "At this point, your Honor, we will renew our objection to this argument,

based on our objection to the admissibility of this testimony."

The objection was overruled. Mr. Hill later argued that the defendants were found together at Fort Sam Houston with the .32 automatic in the car.

■ The prosecutor may discuss the evidence admitted at the trial. Officer Urquhart had testified that he found the gun in the car. No error is shown.

It is contended in the fourth ground of error that reversible error was committed during the argument of Mr. Hill at the guilt stage of the trial when the following transpired:

"Here are two guys, two defendants—a Private and a PFC—stationed out at Fort Sam in the army, who will stay State-side enjoying the luxuries of American democracy, decide to go around and rob and hold up hotels while their comrades are overseas in Vietnam dying by the thousands."

It appears that Mr. Brown (counsel for D'Angelo) asked to approach the bench, and thereafter, a hearing was had in chambers. No objection by either attorney is set out in the record. After returning to the courtroom, the court stated:

"I will overrule your motion, Counsel. Ladies and gentlemen of the jury, in having the record read back to the Court, it appears that Counsel for the State used the plural of the word 'hotel'. And I instruct you that there is no evidence in this case of anything but one hotel being involved. And I am satisfied that Counsel made a mistake. You will not regard it or draw any conclusions or assumptions from that but be controlled and guided solely by the evidence."

Mr. Hill then apologized to the jury and stated that "[I]t was a slip of the lip", and the court had told them they were bound by the evidence heard from the witness stand. He further argued that the point he was trying to make was that here two people were living in Texas and were not in Vietnam with their other comrades and "they go around robbing a hotel."

■ After the court instructed the jury not to consider the plural of hotel, no further action was requested by either appellant or D'Angelo. In Williams v. State, Tex.Cr.App., 427 S.W.2d 868, an insufficient objection was made to the argument; the court instructed the jury to disregard the argument. No motion for mistrial was made and there was no request for further action. There it was stated:

"* * * It appears that at the time appellant was satisfied with the action of the Court, and he is in no position now to complain. Hughes v. State, Tex.Cr. App., 409 S.W.2d 416. We do note that appellant's counsel filed a written motion for mistrial following the conclusion of the arguments. Such motion clearly came too late. * * *"

No reversible error has been shown; the fourth ground of error is overruled.

No reversible error has been shown at the guilt or innocence stage of the trial. The remaining grounds of error all relating to the argument at the penalty stage of the trial will be discussed.

It is noted that appellant made no objection or requested any action of the trial court at the second or penalty stage of the trial. Assuming that the objections made by D'Angelo can be relied upon by appellant his contentions will be discussed.

Appellant contends in the fifth ground of error that the court erred in overruling an objection and a motion for mistrial when one of the prosecutors argued "[t]hat there was a reason for the State asking for thirty-five years but he could not tell the jury such reason."

■ No objection or motion for mistrial appears in the record. Nothing is presented for review. Yaffar v. State, 171 Tex. Cr.R. 341, 349 S.W.2d 730. See Williams v. State, supra.

Complaint is made in the sixth ground of error that reversible error was committed when one of the prosecutors argued: "Keep in mind that the number of years that you assess them is the number of years sentenced, not necessarily—by a long shot—the number of years served."

An objection for D'Angelo that such was improper was sustained and the motion for mistrial was overruled. The court instructed the jury "not to consider, deliberate or speculate on that * * *"

After a very short statement by the prosecutor, appellant's counsel opened his argument by saying:

"True, the defendant Lenzi and the defendant D'Angelo have been found guilty. And now we come to the part where you are going to have to decide how long these men will have to spend in prison; * * *"

And the court stated:

"Counsel, let the Court on its own motion say that this jury is not to decide how long these men are going to stay in prison. This Court has just instructed them that's one thing they can't discuss. This jury is to assess the sentence; and they are specifically not to decide how long a man is to be in prison or to discuss the matter. * * *"

In Gibson v. State, Tex.Cr.App., 430 S.W.2d 507, the conviction was for an assault with intent to murder. An argument was made that the world was referring to Dallas County as the murder capital of the world. An objection was sustained, but a motion for mistrial was overruled. There the Court quoted the correct rule from Weatherly v. State, 163 Tex.Cr.R. 659, 296 S.W.2d 764, as follows:

"It is the rule that injury from improper remarks of counsel is ordinarily obviated when withdrawn by the court and the jury instructed to disregard same. It is only when the argument in such cases is obviously prejudicial that a

reversal of the conviction is called for. 42 Tex.Jur. No. 184, p. 239; Woodland v. State, 148 Tex.Cr.R. 100, 184 S.W.2d 625.

"In determining whether the effect of an improper argument is of such a nature as to be obviously hurtful and prejudicial the facts and surroundings of the case must be looked to, and such is the rule where the objectionable statement or argument does not violate the mandatory provisions of a statute. 42 Tex.Jur. 186, p. 241; Arcos v. State, 120 Tex.Cr.R. 315, 29 S.W.2d 395; and Bushiey v. State, 128 Tex.Cr.R. 1, 79 S.W.2d 124."

█ The argument in the present case was not so obviously prejudicial that a reversal of the conviction is called for. The argument, although contrary to the charge to the jury, does not violate the mandatory provisions of any statute.

In Graham v. State, Tex.Cr.App., 422 S.W.2d 922, the following argument was made by the prosecutor:

"Mr. Barclay (Graham's attorney) talks about rehabilitation. He tells you that he wants this man to be down there until he is thirty-three years old. That doesn't mean that he should have a seven-or eight-year sentence. You should give him enough time to where he will have to spend eight years in the penitentiary, which doesn't—"

An objection that the argument was highly improper was sustained, and the motion for new trial was overruled. State's counsel then argued that the Board of Pardons and Paroles will determine when and if this man will be fit subject for probation, and "[Y]ou can go on up to as many years as you want to give him as long as you give him enough time down there where you think he's going to have to stay and at least have a chance to be rehabilitated." No objection was made to the last statement.

The court stated:

"It is a matter of common knowledge that inmates are released on parole from the Texas Department of Corrections * * *."

and that the jury was not authorized to resort to or apply the parole law, and that argument urging them to do so was highly improper. The court in a well reasoned opinion held, "We cannot agree, however, that the argument here complained of 'applied' the parole law as urged * * *" and distinguished the case from Hernandez v. State, Tex.Cr.App., 366 S.W.2d 575.

Since it is generally known to the public, including jurors, that most inmates are released before serving the time assessed, no reversible error is shown because of such argument especially in view of the instructions given the jury at the time it was made and again when appellant's counsel began to discuss the time to be served. The sixth ground of error is overruled.

There being only one objection to the argument complained of by appellant at the penalty stage of the trial and it being sustained with an instruction not to consider it, no reversible error has been shown. The argument not complained of will not be considered.

The judgment is affirmed.

ONION, Judge (dissenting).

During the jury argument at the guilt stage of the proceedings the Assistant District Attorney Hill argued:

"Here are two guys, two defendants —a Private and a PFC—stationed out at Fort Sam in the army, who will stay State-side enjoying the luxuries of American democracy, decide to go around and rob and hold up hotels while their comrades are overseas in Vietnam dying by the thousands."

Thereupon an objection was interposed and a conference at the bench ensued.

Thereafter the "motion" of appellant was overruled and the court instructed the jury to disregard the prosecutor's use of the plural of the word "hotel." The prosecutor then apologized to the jury for his "slip of the lip."

At the penalty stage of the proceedings evidence was offered in support of the probation motions that the 18 year old appellant and his co-defendant being jointly tried with him had never previously been convicted of a felony. The State then offered evidence of three officers that the general reputation of the appellant and his co-defendant in the community for being peaceful and law abiding citizens was bad.

Then Assistant District Attorney Flournoy argued:

"So, what myself and Mr. Hill *will* do is *make a recommendation; and we trust that you will rely on that,* based upon our experience as to what the sentence * * * and I emphasize the sentence —of the number of years would be. And the Court says that you will not discuss and deliberate as to how long they serve. *Keep in mind that the number of years sentenced, not necessarily—by a long shot—the number of years served."* (emphasis supplied)

The objection to such argument was sutained and the jury instructed to disregard, the court stating " * * * and it certainly is highly improper for an officer of this court to attempt by indirection to do what the jury has been instructed they must not do."

The motion for mistrial was overruled.

Subsequently the prosecutor Hill argued:

"Because all the prosecutor has now to ask a jury is for them to rely on his judgment; and that's exactly what I am going to ask you to do *because there is nothing else.* * * * [W]e have to now ask for your trust and your judgment in following our recommendation; *because you don't know what you are*

*doing or how you are going about it.*
* * *

"And Mr. Flournoy has already told you what that recommendation is—35 years. I stand behind it wholeheartedly; that is my recommendation also. And *I didn't just reach up in the air and grab a figure.*" (emphasis supplied)

The objection that the prosecutor was asking the jury to base their verdict on his "experience and judgment" when it had to be on the law and evidence was answered as follows:

> "THE COURT: That is his recommendation; the jury will determine the punishment. He can make a recommendation."

Thereafter the prosecutor argued:

"I forgot what I was about to say. About the 35 years, it's not where we get together and roll dice to figure out what we are going to recommend to the jury; we don't sit down and figure out any process. Like the Court tells you in the charge, you don't do it by lot or chance; we didn't do it by lot or chance either. *There is a reason, folks; there is a definite reason for the recommendation of 35 years. I can't tell you what it is, unfortunately.*" (emphasis supplied)

The jury verdict did not recommend probation as requested and assessed the punishment at 35 years as requested by the prosecutors.

"Counsel for the state may not base his argument regarding punishment on matter outside the record." 56 Tex.Jur.2d, Trial, Sec. 278, pp. 624, 625. See also Kelley v. State, 79 Tex.Cr.R. 362, 185 S.W. 570; Vannoy v. State, 142 Tex.Cr.R. 543, 155 S.W.2d 368; May v. State, 151 Tex. Cr.R. 534, 209 S.W.2d 606; Simone v. State, 157 Tex.Cr.R. 393, 248 S.W.2d 938.

1. This is the same prosecutor who in making a recommendation to the jury as to penalty in Sanders v. State, 453 S.W.2d 162 said:

"It is the duty of trial counsel to confine their arguments to the record; reference to facts that are neither in evidence nor inferable from the evidence is therefore improper." 56 Tex.Jur.2d, Trial, Sec. 271, p. 613.

In the instant case the prosecutor told the jurors that they did not know what they were doing; that they had to rely on and trust his judgment for "there is nothing else"; that his recommendation was based on definite reason, outside the record, which he unfortunately could not tell them about.[1]

Certainly such argument is not to be condoned. Further, *it is to be condemned.* Because of its harmful and inherently and obviously prejudicial effect it, in my opinion, calls for reversal. When a prosecutor tells a jury to assess punishment, not on the law and facts in the case but on something outside the record, I would draw the line. The argument when considered in the light of the entire record reflects such fundamental unfairness that I am surprised that the majority, in effect, approves the same without a word of caution. In view of this seal of approval we shall see more of this type of improper argument.

I respectfully dissent.

"Now, from all of the facts and circumstances and some things you don't know, bless your hearts * * *."