Richard Lee JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 44100.

Court of Criminal Appeals of Texas.

Oct. 6, 1971.

Dan J. Anderson, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle and James S. Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Judge.

This is an appeal from a conviction for robbery by assault. The punishment, 20 years.

On December 26, 1969, E. E. Foy was beaten and robbed of approximately $8.52 while purchasing his lunch at the "Chicken Man" in Dallas.

The sufficiency of the evidence is not challenged.

In the first ground of error, appellant contends that an extraneous offense was introduced during the course of the trial "contrary to the facts and circumstances of the case and law of this State." Officer William W. Porter, of the Dallas Police Department, testified on March 14, 1970, he was traveling on Grand Avenue when an old model pickup came North on Gould Street and made a left hand turn in front of his car and that said pickup had no tail light on it. The officer stopped the pickup. Appellant was the only occupant other than the driver. Officer Porter testified that he first questioned the driver, who in response to the officer's question, told him that he had no driver's license. "I proceeded on up to the front of the vehicle and shined my light inside where the driver was sitting, just to check the passenger there, and I noticed that the vehicle was hot wired." Officer Porter further testified that he determined the vehicle did not belong to either of the parties in said vehicle, and that he arrested both of them. It is not contended that the arrest was illegal.

In Lenzi v. State, Tex.Cr.App., 456 S.W.2d 99, the conviction was for robbery by assault with a firearm. Testimony

was admitted that appellant possessed a pistol when he was arrested. No contention was made that the arrest was illegal. This court held that evidence about the arrest some seven days after the robbery was admissible. The State may prove the circumstances surrounding the subsequent arrest. Lott v. State, Tex.Cr.App., 379 S. W.2d 896; Cox v. State, 170 Tex.Cr.R. 128, 338 S.W.2d 711; Wortham v. State, 134 Tex.Cr.R. 626, 115 S.W.2d 650. The appellant's first ground of error is overruled.

In the second ground of error, appellant complains that his basic constitutional right of due process of law and right to counsel were violated by the introduction of testimony by E. E. Foy as to the identity of the appellant as the man who robbed him. Foy made an in-court identification of appellant. No objection was made to his testimony and the subject of lineup was not raised until after the State had rested its case in chief.

Dallas Police Officer, John Adamcik, was called by the defense as a witness out of the presence of the jury. He testified a lineup was conducted on July 26, 1969, in which appellant was identified by Foy as the man who robbed him. The officer testified that he did not warn appellant of his constitutional rights but that he might have been warned by some other officer; however, he further testified that no other officer was present during the lineup. The appellant and three other black male companions comprised the lineup. In response to question concerning the size of the four men, the witness answered that he did not remember but that "we always try to get them as near the same." Officer Adamcik testified that Foy was positive throughout the identification process.

Foy was recalled to testify in the presence of the jury by the appellant and the following testimony was elicited by appellant's counsel:

"Q Did you ever go with police officers somewhere and view a lineup of men to try to pick out the man who committed this assault on you back in December of last year?

A Yeah.

Q All right. Do you recall how many men were in that lineup?

A How many?

Q Yes, sir.

A No, I don't recall.

Q Well, was it more than two men?

A Yes, there was three or four of them ——

Q (Interposing) All right, sir.

A (Continuing)—as far as I remember.

Q All right. Was there a police officer present with you when you made this —went to this lineup?

A Yes.

Q Do you happen to recall that police officer's name?

A No. I don't.

Q By any chance was it Adamcik, was that the particular name?

A I wouldn't know.

Q All right, sir. Did Mr. Adamcik talk with you before you went in to view these men?

A Done what?

Q Did he talk with you about this case before you went in to look at the men?

A No, I don't think so.

Q All right, sir. When you got in—I assume you went into some sort of room to look at the men. Is that right?

A (Witness nods head affirmatively.)

Q All right. When you went in, at that point, did you have a conversation with the officer that was conducting this lineup?

A No, not necessarily.

Q All right, sir. Did you make an identification at that point?

A Yes.

Q All right, sir. Was that identification part of the basis for your identification this morning?

A Beg your pardon?

Q Was that identification at the lineup a basis for your identification this morning in this trial?

A No, I don't think so.

Q Did you identify one of the men in the lineup?

A Sure.

Q Yes, sir. Who did you identify?

A (Witness indicating the defendant.)

Q All right. Did you tell the police officer that he did not do it?

A I certainly didn't.

Q Were you also shown any pictures at that time?

A Beg your pardon?

Q Were you also shown any pictures at that time for purposes of identification, trying to identify the man that made an assault on you?

A No, they never showed me no pictures.

Q All right, sir. And you say that identification that morning in the lineup, it in no way influenced your identification this morning in the trial?

A No."

After both the State and the appellant rested and closed, appellant made a motion for judgment of acquittal. The basis of the motion being a fundamental violation of appellant's rights under the Fifth and Fourteenth Amendments: that appellant was not warned of his constitutional rights at the police lineup; that Foy viewed the lineup and made a subsequent identification at the trial. The lineup occurred after June 12, 1967, and United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, is applicable.

In Martinez v. State, 437 S.W.2d 842, this Court, in a case where defendant waited until the lineup identification was before the jury after having been put on notice by the prosecutor's opening statement that such evidence would be used, held it is fundamental that a timely objection to any admissible evidence must be urged at the first opportunity. The defendant's objection, in the Martinez case, was made while the identifying witness was still on the stand. In the instant case, the question of lineup was not raised until after the State had rested its case in chief. The first time an objection or motion concerning same was before the court, was after both the State and appellant had rested and closed.

Appellant has not shown any reason for delaying his objection.

■ A timely objection to identification testimony must be made at the first opportunity. Montoya v. State, Tex.Cr.App., 464 S.W.2d 853; Martinez v. State, supra.

■ The appellant waived his right to object by waiting until both the State and appellant had rested and closed before objecting to the testimony.

Finding no reversible error, the case is affirmed.

Opinion approved by the Court.